[S. F. No. 221. Department One.—March 23, 1896.]

THOMAS COSS ET AL., RESPONDENTS, *v.* JOSEPH MacDONOUGH ET AL., APPELLANTS.

MECHANICS' LIENS — COMPLETION OF BUILDING — CONSTRUCTION OF ELE-VATOR — CONVENIENCE.—Where an elevator was provided for in the plans and specifications of a building, and a contract was let for its con-struction when the other contracts were let, the building is not com-pleted until the elevator is constructed; and the fact that the building might have been used without the elevator, and that it was a conven-ience merely, is immaterial.

ID.—FINDING OF COMPLETION — SUFFICIENCY OF EVIDENCE — TRIVIAL IM-PERFECTION — QUESTION OF FACT.—Where the court finds that the building was completed when the elevator was constructed, and that the elevator was completed on a specified date, the question whether items of work done upon the elevator after that date were to remedy a

trivial imperfection is a question of fact to be determined by the trial court, and its finding as to the date of the completion will not be disturbed merely because work of a trifling character was done upon the elevator after that date.

ID.—DESCRIPTION OF LAND — APPEAL—TECHNICAL OBJECTIONS FOR FIRST TIME.—Technical objections to the description of the land contained in the claim of lien, and in the complaint based thereon, cannot be urged upon appeal for the first time; and where it appears that there was no demurrer to the complaint, and that the claim of lien was introduced in evidence at the trial without objection, and there was in fact a description of the property in the claim of lien, and the complaint alleged that the claim of lien described the property, the fact that it was not alleged in specific terms that the claim contained " a description of the property sufficient for identification," is not a technical ground of objection upon appeal.

ID.—VOID CONTRACT— CLAIM OF LIEN BY SUBCONTRACTOR — DESCRIPTION OF ORIGINAL CONTRACT —VARIANCE.—Where the original contract is void for want of record, the subcontractor does not thereby become an original contractor; and the fact that the claim of lien of a subcontractor sets up the original contract, does not preclude a recovery by the subcontractor against the owner of the building, under sections 1183 and 1184 of the Code of Civil Procedure, or cause a fatal variance between the claim of lien, and a count of the complaint against the owner of the building, setting up the contract deemed to have been made with him pursuant to the code.

ID.—TIME OF VERIFICATION OF CLAIM.—The verification of the claim of the lien of a subcontractor for labor and material, made after the work was done and the materials furnished, is not premature, though made several months prior to the completion of the building and to the filing of the claim of lien.

APPEAL from a judgment of the Superior Court of the county of Alameda and from an order denying a new trial.

The claim of lien of the plaintiff Samuel N. Grubb was dated December 13, 1892, and was for a balance of account then claimed to be due and unpaid for labor before that time performed and materials furnished in the construction of the building. The claim was verified December 15, 1892, and was filed April 19, 1893, nine days after the completion of the building. Further facts are stated in the opinion of the court.

*Freeman & Bates,* for Appellants.

The complaint of Coss is defective in not properly describing the property, and in not limiting the lien to

a defined space for the convenient use and occupation of the building, and in not averring that the description in the claim of lien was sufficient for identification of the property. (Code Civ. Proc., secs. 1183, 1185, 1187; *Willamette etc. Co.* v. *Kremer*, 94 Cal. 210; *Green* v. *Chandler*, 54 Cal. 626.) The elevator was not a necessary part of the building; and the finding as to date of completion of the building is against the evidence. Plaintiff Grubb was an original contractor as respects the owner of the building, and should have filed his claim of lien within sixty days after completion of his contract. (*Baird* v. *Peall*, 92 Cal. 235; *La Grill* v. *Mallard*, 90 Cal. 373.) Plaintiff Grubb's claim of lien was not sufficient to sustain a direct claim against the owner, because it stated no terms of any contract with him, but stated only a contract with the original contractor. (Code Civ. Proc., sec. 1187.) The claim of plaintiff Grubb was insufficient, because verified over four months before the claim of lien was filed. The code contemplates a statement of the demand and a verification, which shall be true at the time of filing the lien. (Code Civ. Proc., sec. 1187.)

*J. H. Lucas,* for Respondents Coss *et al., Wickliffe Matthews,* for Respondents Towle, Broadwell, and California Wire Works, and *George C. Sargent,* for Respondent Samuel M. Grubb.

The allegations of the complaint in regard to the description of the land are sufficient, no objection having been taken by special demurrer. (*Willamette etc. Co.* v. *Kremer,* 94 Cal. 211; *Brunner* v. *Marks,* 98 Cal. 374; Code Civ. Proc., secs. 1185, 1187.) There was no objection to the evidence of the claims of lien in the court below; and technical objections cannot be made here for the first time. The elevator being a part of the original plan in the construction of the building, the building was not complete until the elevator was finished. (*Schwartz* v. *Knight,* 74 Cal. 434; *Willamette etc. Co.* v. *College Co.,* 94 Cal. 237, 238.) A trivial imperfection in

the work is not a lack of completion. (Code Civ. Proc., sec. 1187; *Harlan* v. *Stufflebeem*, 87 Cal. 508.) The time of substantial completion of the building was a question of fact, and the decision of the court below is conclusive. (*Harlan* v. *Stufflebeem, supra; Willamette etc. Co.* v. *Kremer, supra.*) The fact that the original contract was void does not make a subcontractor an original contractor, and it is only by fiction of law that he is deemed to have contracted with the owner. (Code Civ. Proc., secs. 1183, 1184.) It was proper to state the facts in the claim of lien, and let the law draw the conclusion. (Code Civ. Proc., secs. 1183, 1184, 1187.) The verification of plaintiff Grubb was made after the work was completed, and no payment was subsequently made, and the amount claimed was due at time of trial. (Code Civ. Proc., sec. 1963, subd. 32.)

GAROUTTE, J.—This appeal involves the correctness of a judgment in three consolidated actions for the foreclosure of liens against the property of the defendant MacDonough for materials furnished and labor performed in the construction of a building upon certain property of his, situate in the city of Oakland, and described in the complaints. Defendant appeals from the judgment. It is first insisted that some of the claims of lien were prematurely filed, and that others were filed too late. The court found as a fact that the building was completed April 10, 1893, and if that finding has support in the evidence, then all the claims of lien were filed within thirty days thereafter. The building to be erected was of large size, costing a quarter of a million dollars, and different contracts were let by the owner for the construction of various portions of it, and among these contracts let was one for the construction of an elevator. The trial court held that the elevator was an essential and necessary part of the building, and that the completion of the building dated from the completion of the elevator, the work upon this elevator being the last

work done. While there may have been a little work done on the elevator upon the eleventh and twelfth days of April, it must of necessity have been of trifling character, and the finding of the court as to the date of completion will not be disturbed for that reason. For as said in *Willamette etc. Co.* v. *Kremer*, 94 Cal. 208: "Whether the items of work which were done after the date at which the appellant claimed the building was completed were a 'trivial imperfection' was also a matter of fact to be determined by the court." Again, we have no doubt of the soundness of the trial court's views in holding that the elevator was a substantial and necessary part of the building, and, until the elevator was constructed and placed in position, it could not be said that the building was completed. An elevator was called for by the original plans and specifications; a contract was let for its construction at the same time that other contracts were let. It was attached to the building, and formed an integral part thereof. The fact that the building might have been used without it, and that it was a convenience merely, is immaterial. That is not the question. Conceding an elevator in this character of building to be a mere convenience, which would seem not to be the fact, still conveniences are a material part of the building when provided for by the plans and specifications; and when so provided for, the building is not completed until the demands of the plans and specifications in this regard have been satisfied.

Appellant now makes objection to the sufficiency of the complaint, and the allegations of the claim of lien of respondent Coss as to the description of the land to be charged with the lien. But appellant offered no demurrer to the complaint at any time; neither did he object to the sufficiency of the claim of lien in this regard when offered in evidence at the trial in the lower court. And upon an examination of both the claim of lien and the complaint based thereon, we find nothing of sufficient importance omitted therefrom to authorize

this court in the first instance to interfere. The objections are too technical to be raised in this court for the first time. As a fair illustration, it is claimed that the complaint should have stated that the claim of lien contained a " description of the property sufficient for identification." As a matter of fact, the claim of lien contained a description of the real property, and the complaint so alleged the fact. Nothing more is demanded by the statute.

At the trial appellant moved for a nonsuit against the respondent Grubb, because his claim of lien did not state the terms, time given, and conditions of his contract, and because there was no money due by the terms of his contract; and the motion was granted as to the first count of his complaint. His complaint was set out in two counts: 1. That he was a subcontractor of one Andrews; and 2. That he furnished the materials and performed the labor at the personal instance and request of appellant MacDonough. His recovery of a judgment is based upon the second count, the court having held the contract between MacDonough and Andrews to be void. It is now contended that a fatal variance exists between the claim of lien and the count in the complaint upon which recovery was had. It is insisted, the claim of lien having set up a contract between respondent Grubb and the original contractor Andrews, no recovery could be had upon a complaint setting out a contract with defendant MacDonough, the owner. We think this contention unsound. That a complaint against the owner of the building may be filed under section 1184 of the Code of Civil Procedure, upon a claim of lien setting up a contract with an alleged original contractor, is expressly held in *Henderson Lumber Co.* v. *Gottschalk*, 81 Cal. 646, and the principle is also fully supported in *Yancy* v. *Morton*, 94 Cal. 558.

We do not think there is anything in the point that respondent Grubb was an original contractor. It is held to the contrary in *Davis* v. *MacDonough*, 109 Cal.

547.  Neither was the verification of the claim of lien premature.

For the foregoing reasons the judgment is affirmed.

HARRISON, J., and VAN FLEET, J., concurred.