[Civ. No. 1059.    Third Appellate District.—April 4, 1913.]

## A. L. HICKMAN et al., Appellants, v. GEORGE H. FREIERMUTH et al., Respondents.

MECHANICS' LIENS—TIME FOR FILING CLAIM.—A claim for a mechanic's lien, filed more than ninety days after the completion of the building, comes too late.

ID.—NOTICE BY OWNER OF BUILDING—FINDINGS—REVIEW ON APPEAL.— A finding of the trial court, supported by evidence, that the owner of the building gave notice that he would not be responsible for im-

provements being made by his lessee, must be accepted by the appellate court.

ID.—LIABILITY OF LESSOR FOR MATERIALS FURNISHED IN REMODELING BUILDING.—The owner of a building is not personally liable for materials furnished in remodeling the building at the instance of the lessee, where the lease contemplates that all improvements, alterations or repairs shall be made by the lessee and not by the lessor, there being no showing that the owner authorized the improvements or was in any manner connected with the contract therefor.

ID.—ESTOPPEL OF LESSOR TO DENY LIABILITY FOR MATERIALS.—The owner of a building is not estopped to deny his responsibility for materials furnished in remodeling the building at the instance of the lessee, by mere knowledge on his part that the work is in progress, when the lease contemplates that all repairs and alterations shall be made by the lessee and the owner gives notice of his nonresponsibility.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

James W. Cochrane, for Appellants.

H. M. Anthony, for Respondents.

BURNETT, J.—The case represents the consolidation of several actions for the foreclosure of mechanics' liens. The first count of the complaint may be taken as an example of the various grounds of action exhibited therein.

It is alleged that defendants, George H. Freiermuth, Louisa A. Otto, and Elizabeth M. Spaulding were the owners of the property, describing it; that defendant Philip Overman was the lessee of said owners and was in the actual possession of the premises; that, on or about the seventeenth day of August, 1906, the plaintiffs entered into a contract with Overman whereby they agreed "to furnish all the lumber necessary for the remodeling, altering, repairing and reconstruction of the building situated upon the front and rear of" said premises; that said lumber was so furnished by plaintiffs and was used "in the raising, altering and remodeling of said building"; that the value thereof, according to the agreed rate, was the

sum of $1,714.44, of which only $1,150.00 has been paid; that the work was completed on or about May 15, 1907; that the owners, on the said seventeenth day of August, 1906, had knowledge of the furnishing of said material and of the construction of said work but did not within three days thereafter or at any time give notice that they "would not be responsible for the same or the materials furnished as aforesaid, by posting a notice in writing to that effect in some conspicuous place upon said real property, or upon the building or improvement situate thereon; and no such notice was ever posted on said land, or the buildings, structures or improvements thereon, at any time, after the said 17th day of August, 1906, as required by section 1192 of the Code of Civil Procedure"; that said plaintiffs duly filed and recorded their claim of lien on the seventh day of August, 1907.

Demurrers were interposed but overruled by the court and, after a trial had upon the issues joined, judgment was rendered for the defendant owners for their costs against the plaintiffs and a personal judgment against defendant Overman for the amount of the various claims, and the appeal is by plaintiffs from the judgment in favor of the owners of the premises and from an order denying their motion for a new trial.

It is conceded by appellants that the evidence was sufficient to sustain the following finding of the court: "The said buildings and structures and the construction, alteration, additions to and repair thereof were completed on the 1st day of March, 1907."

Among the provisions of section 1187 of the Code of Civil Procedure is this: "that in any event all claims of lien must be filed within ninety days after the completion of said building, improvement, or structure, or the alteration, addition to, or repair thereof." Notice of the liens herein involved was not filed within the said statutory time. The last date upon which they could be effectively filed was May 31, 1907, but, according to the record, the claims were filed, in 1907, as follows: Hickman & Masterson, August 7; Decker Electrical Company, July 17; Cleveland Faucet Company, September 13; J. Anderson, August 7; N. C. Anderson, July 19; Theo. Schieve, July 17; The William Little Estate Company, October 18.

It seems clear, therefore—and no contention is made to the contrary by appellants—that all of said liens were filed too late by a period varying from a month and a half to four and a half months. (*Kerckhoff etc. Mill & Lumber Co.* v. *Olmstead*, 85 Cal. 80, [24 Pac. 648]; *Marble Lime Co.* v. *Lordsburg Hotel Co.*, 96 Cal. 332, [31 Pac. 164]; *Buell* v. *Brown*, 131 Cal. 158, [63 Pac. 167].)

It is therefore needless to consider the other contentions of respondents that the contents of the notice of lien, in each instance, were insufficient; that the contracts of Schieve and Little were void because, being for more than one thousand dollars each, they were not in writing and no plans or specifications were recorded; that they were violative of that provision of section 1184 of the Code of Civil Procedure which exacts "that at least twenty-five per cent of the whole contract price shall be made payable at least thirty-five days after the final completion of the contract," the Schieve contract providing for the payment of the whole price on completion of the work and the Little contract fixing no time for payment; that the claim of the Cleveland Faucet Company could not be maintained for the reason that saloon accessories not entering into the erection and construction of the building cannot be the subject of a lien; and the other position of respondents that a fatal variance appeared in several instances between the claim of lien and the contract as shown by the evidence at the trial.

The only remaining question is whether the owners should have been held personally liable for what was disclosed to be due appellants.

There was no contract between the owners and those furnishing the materials used in the building. The contracts were all made with Overman, or some one representing him, and he was neither the real nor the ostensible agent of the owners of the premises. There is no showing and no contention that the owners authorized Overman to contract for them. The contracts, therefore, made between Overman and the various claimants could not be rightly considered as the basis for a claim against the owners.

In the case of *Peterson* v. *Freiermuth*, 17 Cal. App. 609, [121 Pac. 299], which was a case brought by another lien claimant against the same defendants and property for work

performed and materials furnished at the same time and under similar circumstances as the cases here involved, and in which a demurrer to the complaint was sustained, it was said by this court that "where there is no showing in the complaint that the owners of the premises authorized the improvements, which were contracted for with the lessee alone, or that the owners were in any manner connected with the contract, or that there was any privity of contract, express or implied, between such owners and the lessee as to the improvement of the structure, occupied by the lessee, the mere fact stated that the premises were demised by the lessee raised no implied contract to be answerable for the contracts of the lessee."

But here the case is even stronger for respondents as the lease introduced in evidence contained a covenant that the owners "shall not be required or called upon to make any alterations, improvements or repairs whatsoever upon the said demised premises, or any part thereof," and it was also provided that the alterations and improvements should be made by the lessees.

However, plaintiffs stand upon the proposition that the owners were personally liable by virtue of their knowledge of the improvements and their failure to post the notice contemplated by said section 1192 of the Code of Civil Procedure.

It was held, though, in the Peterson case, upon the authority of various decisions therein cited, that "the effect of the failure of the owners of the building improved to post the notice provided for in section 1192 of the Code of Civil Procedure is merely to charge them with a valid lien upon the premises, in favor of the contractor, or any other valid claimant of a lien, and not to charge them with any personal liability. When there is no valid lien in existence, and there is no privity of contract between the owners and the lessee, the failure to post the notice is without effect."

In this case, however, we are not required to go to that extent for the reason that the evidence was abundant in support of the finding that within three days after the defendants, George H. Freiermuth, Louisa A. Otto, and Elizabeth M. Spaulding, obtained knowledge of the construction, alteration and repair of the said buildings and structures, they posted notices as required by said section 1192 of the Code of Civil Procedure.

Strangely enough, the sufficiency of the evidence to uphold this finding is questioned by appellants. Two witnesses testified positively that they posted the notices conspicuously in three different places on the premises and they produced a carbon copy of the notice, which appears in the transcript and to the form or sufficiency of which no valid objection can be made. We must accept the finding as establishing the fact that the proper notice was given.

We have, then, simply this case: The owner of premises leases them under an agreement with the lessee that the latter shall pay for any alterations or improvements made in the building, and, after taking possession of the property, the lessee enters into a contract with a materialman to furnish materials to be used in said building by way of improvement and for which the lessee agrees to pay a certain price; there is no agreement or understanding whatever, between the owner and the materialman, and the owner, within three days after obtaining knowledge of the said improvement, gives notice that he will not be responsible for the same, by posting a notice in writing to the effect, in a conspicuous place upon the building to which the improvement is added.

We are not familiar with any principle of law or rule of statute that, under these circumstances, would impose upon the owner a personal liability for said improvement.

It may be well to notice briefly the citations of appellants to the point that such liability does exist.

Section 1197 of the Code of Civil Procedure that "Nothing contained in this chapter shall be construed to impair or affect the right of any person to whom any debt may be due for work done or materials furnished, to maintain a personal action to recover such debt against the person liable therefor," simply means that the right to a lien as provided in said chapter is not the exclusive remedy but, in addition, the person furnishing the work or materials may recover the amount due from the one who promised to pay it, or, as stated in *Central L. & M. Co.* v. *Center,* 107 Cal. 197, [40 Pac. 336], "the personal action provided for is a simple action upon the contract against the person who purchased the materials, whether contractor or owner, and has no reference to the lien given by the statute."

*Brennan* v. *Swasey,* 16 Cal. 141, [76 Am. Dec. 507], involved the question whether plaintiffs waived their lien by causing an attachment to be issued and levied upon property of the debtor to secure the same demand. The court held that "The two remedies are cumulative and both may be pursued at the same time." It was stated, however, that "in case of an attempt to pursue them in separate actions, the party *might* be put to his election." It was probably in view of this tentative suggestion that said section 1197 was afterward enacted.

The point decided in *Germania B. & L. Association* v. *Wagner,* 61 Cal. 349, as far as at all germane to the present inquiry, was that one of the defendants did not waive or lose its lien by commencing and prosecuting to judgment an action against the owners of the building for the indebtedness which said owners had contracted to pay.

In *Bates* v. *Santa Barbara Co.,* 90 Cal. 543, [27 Pac. 438], the plaintiffs had contracted with the Star Brick and Supply Company and the court held that they might maintain an action to subject the unpaid portion of the contract price due said company to the payment of the claim of plaintiffs, without seeking to enforce a lien against the building.

In *Robinson* v. *San Gabriel V. L. & W. Co.,* 95 Cal. 390, [30 Pac. 564], the owner of the building was a corporation and a personal action was upheld, but the said owner was, also, the party that employed plaintiff.

*Central L. & M. Co.* v. *Center,* 107 Cal. 197, [40 Pac. 336], was a similar case, the court saying: "It is quite true that Davis, having bought the materials from plaintiff as owner, was personally liable for the full amount, whether the property was sufficient to pay it or not."

*Coss* v. *MacDonough,* 111 Cal. 662, [44 Pac. 325], involved only the question of lien and it was held that for the purpose of foreclosure the subcontractor is permitted to set forth, in his claim of lien and in his complaint, that he furnished the materials and performed the labor at the personal instance of the owner.

The same question was presented and similarly decided in *McClain* v. *Hutton,* 131 Cal. 132, [61 Pac. 273, 63 Pac. 182, 622]. In using the language: "The claim is, in effect, a sufficient statement of a special contract to pay for the mate-

rials furnished and would be sufficient as a complaint in *indebitatus assumpsit* or debt," the court undoubtedly was not contemplating the bearing of actual employment upon the question of personal liability but was stating a general rule as to such form of action. The matter of the personal liability of the owner was not involved in the decision, but the court cited with approval, among other similar cases, *McMenomy* v. *White*, 115 Cal. 339, [47 Pac. 109], wherein it was said: "It is true that the building contract was void, because the plans and specifications were not filed, and the statute declares that, 'in such case, the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof.' (Code Civ. Proc., sec. 1183.) The owner, however, is not personally liable for labor done and materials furnished at the instance of the contractor, even though the contract be void, for the reason stated, the only remedy against the owner in such case being a foreclosure of the liens."

In *Becker* v. *Superior Court*, 151 Cal. 313, [90 Pac. 689], the question decided was that the the superior court of Santa Clara County, in an action against the owner and contractors, had jurisdiction to render a judgment of nonsuit as to the claim of lien against the owner of the building and a judgment for $81.23 in favor of the plaintiff in the action against the contractors to whom plaintiff had furnished certain lumber.

The claim of estoppel is equally without support. It has probably been sufficiently answered by the foregoing. The mere knowledge on the part of the owners that the work was in progress could not effectuate an estoppel. They had a right to assume that the laborers and materialmen were relying upon the promise of the lessee for compensation and did not expect to be paid by the owners with whom they had no contractual relation. It is not a case where labor or material was furnished upon the faith of the owner's promise, express or implied, to answer for the debt. Indeed, as already seen, we must regard it as a fact that the owners gave notice that they would not be responsible, thus destroying the foundation for any possible claim of estoppel.

We can see no reason for interfering with the action of the lower court, and the judgment and order are therefore affirmed.

Chipman, P. J., and Hart, J., concurred.