[Civ. No. 11605.    Third Dist.    Sept. 22, 1967.]

CECIL MONROE VEDDER, Petitioner, v. THE SUPERIOR COURT OF LASSEN COUNTY, Respondent; WILLIAM L. DUNNING et al., Real Parties in Interest.

Ronald G. Sproat for Petitioner.

No appearance for Respondent.

Bible, McDonald, Carano & Wilson and John C. Renshaw for Real Parties in Interest.

FRIEDMAN, J.—Petitioner is the defendant in a personal injury action. He filed an answer, then moved for leave to amend it in order to assert the bar of the one-year statute of limitations on personal injury claims. After considering the parties' affidavits, the trial court denied petitioner's motion. He seeks relief by mandate. ■ Under some circumstances mandate is available to compel allowance of a pleading amendment. (*Coy* v. *Superior Court,* 58 Cal.2d 210, 215 [23 Cal.Rptr. 393, 373 P.2d 457, 9 A.L.R.3d 678].)

The accident occurred on August 16, 1964. The injured persons were a husband and wife and their minor children. The affidavits in the trial court declare that settlement discussions were conducted on their behalf by Reno, Nevada, attorneys, who dealt with Reno representatives of petitioner's insurance carrier. The negotiations continued until the one-

year California statutory period had lapsed. At that point petitioner's insurance carrier refused further negotiation of the parents' claims but expressed willingness to continue discussion of the minors' claims. The injured family then obtained California counsel, who filed a complaint in Lassen County on September 29, 1965, 44 days after lapse of the one-year period. The defendant (petitioner here) was served with process on October 7, 1965. The copy of the complaint served upon him bore no endorsement of the filing stamp and did not indicate the date of the commencement of the action. Petitioner filed his answer on November 8, 1965, not pleading the one-year statute of limitations. "Upon learning of the facts" relative to the statute of limitations, defendant's attorney attempted by stipulation, then by motion, to inject the bar of the statute into the case.

The adult plaintiffs appear here as real parties in interest.

A request to amend an answer to raise the bar of limitations is addressed to the discretion of the trial court, which considers whether or not its allowance will further justice. (Code Civ. Proc., §§ 473, 576; *Davenport* v. *Stratton,* 24 Cal.2d 232, 252 [149 P.2d 264]; *Rudd* v. *Byrnes,* 156 Cal. 636, 638 [105 P. 957, 20 Ann.Cas. 124, 26 L.R.A. N.S. 134].) When leave to amend is denied, the party must show abuse of discretion in order to secure relief by mandate. (*Coy* v. *Superior Court, supra,* 58 Cal.2d at p. 215.)

The statute of limitations is not a disfavored defense. A requested amendment to raise the statute is entitled to as much consideration as an amendment asserting any other claim or defense. (See *Schriber* v. *Alameda etc. Title Ins.Co.,* 156 Cal.App.2d 700, 708-709 [320 P.2d 82]; 2 Witkin, Cal. Procedure (1954) Pleading, § 595, p. 1607.) When a trial court denies a motion such as the present, the reviewing court faces the somewhat opposing tendencies of the policy espousing liberality in amendment of pleadings and the policy of upholding trial court discretion when no clear abuse appears. (See *Schriber* v. *Alameda etc. Title Ins. Co., supra;* 2 Witkin, *op. cit. supra,* Pleading, § 594, pp. 1605-1606.) The upshot is that each case will turn on its own facts and its individual equities. (2 Chadbourn, Grossman and Van Alstyne, California Pleading, pp. 343-344.)

Guided by the "furtherance of justice" standard, we find no abuse of discretion here. The adult plaintiffs received a windfall when the defense accidentally or negligently failed to plead the bar of limitations. The injury to the defense,

however, is balanced by potential inequities on the other side of the lawsuit. The settlement discussions in Reno continued for a year, during which the injured persons submitted to medical examinations and furnished medical reports and bills. Abruptly upon lapse of the one-year period the carrier's representatives refused to consider settlement of the parents' claims. An insurer should not be permitted to hold out hope of amicable adjustment and then plead the delay caused by its own conduct as a defense to a tardy action. (*Morgan* v. *International Aviation Underwriters, Inc.*, 250 Cal.App.2d 176, 180 [58 Cal.Rptr. 164]; *Gaglione* v. *Coolidge*, 134 Cal.App. 2d 518, 527 [286 P.2d 568]; *Industrial Indem. Co.* v. *Industrial Acc. Com.*, 115 Cal.App.2d 684, 690 [252 P.2d 649].)

█ Real parties in interest urge that the inequitable conduct of petitioner's insurer creates an estoppel against assertion of the statute of limitations. (See, for example, *Morgan* v. *International Aviation Underwriters, Inc. supra*, 250 Cal.App.2d at pp. 180-181.) The trial court made no findings on that score. It is not necessary to make out an estoppel. The problem before the trial court was one of balancing the equities (or inequities). █ The trial court was justified in concluding that, because of the abrupt termination of settlement negotiations, justice would not be furthered by permitting the defense to plead the bar of limitations.

If Reno counsel for the real parties in interest were negligent in permitting lapse of the one-year period, representatives of petitioner's insurance carrier were equally negligent in not advising petitioner's counsel of the lapse. There was a balance of negligence as well as inequity. █ Petitioner relies upon absence of the filing stamp from the copy of the complaint served upon him. (See Code Civ. Proc., § 406.) The original and copies of the summons normally bear the date of issuance. (See official Judicial Council form of summons appearing after § 407, Code Civ. Proc., in West's and Deering's Annotated Codes.) Petitioner makes no claim that the copy of the summons served upon him was undated or that the summons was not issued simultaneously with commencement of the action. In any event, information as to the complaint's filing date was as near as his attorney's nearest telephone.

No abuse of discretion appears. The petition for writ of mandate is denied and the order to show cause discharged.

Pierce, P. J., and Regan, J., concurred.