[Civ. No. 32030.   Second Dist., Div. Five.   Nov. 15, 1967.]

GILBERT ROBINSON, as Trustee in Bankruptcy, etc., Plaintiff and Respondent, v. S AND S DEVELOPMENT et al., Defendants and Appellants.

Fierstein & Dolin and Stephen M. Fenster for Defendants and Appellants.

Bernfeld & Cohen and Harold I. Gould for Plaintiff and Respondent.

McCOY, J. pro tem.*—This is an appeal from that part of a judgment of the Municipal Court of the Los Angeles Judicial District which decreed the foreclosure of a mechanic's lien. The Appellate Department of the Superior Court for Los Angeles County affirmed the judgment. On its certification to us, we transferred the appeal to this court under rule 62, California Rules of Court.

The question before us is whether the 90-day period for commencing proceedings for enforcement of mechanic's liens provided by section 1198.1 of the Code of Civil Procedure is a

---

*Assigned by the Chairman of the Judicial Council.

statute of limitations affecting the remedy only which may be tolled by the provisions of section 11, subdivision (e), of the federal Bankruptcy Act (11 U.S.C.A. § 29, subd. (e)) pertaining to actions by a trustee in bankruptcy.

The facts are admitted. Plaintiff, Gilbert Robinson, is the trustee in bankruptcy of the estate of West Valley Plastering, Inc., a plastering contractor, which had furnished work and labor on certain real property of which the defendants are alleged to be the owners and reputed owners. On May 13, 1964, West Valley Plastering, Inc., recorded a mechanic's lien on the property in the office of the county recorder pursuant to section 1193.1 of the Code of Civil Procedure. Some time thereafter, but before the end of May, an involuntary petition in bankruptcy was filed against West Valley Plastering, Inc., in the United States District Court for the Southern District of California, and upon its adjudication as a bankrupt plaintiff was appointed trustee of its estate. The present action to foreclose the lien was filed August 12, 1964, which was the ninety-first day after the mechanic's lien was filed for record.

We have concluded that the appellate department reached the correct conclusion for the reasons stated in the opinion written by Judge Aiso in which Judge Meyer and Judge Whyte concurred. We accordingly adopt that opinion as our own.

"Code of Civ. Proc. § 1198.1 (a)[1] in part relevant to this case provides:

" 'No lien provided for in this chapter [Liens of Mechanics, Builders and Materialmen] binds any property for a longer period than 90 days after the same has been filed . . . , unless within that time, proceedings to enforce the same be commenced in a proper court. . . .'

"The pertinent part of 11 U.S.C.A. § 29 (e) reads:

" 'A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy. . . .'

"The defendants claim that the provision of § 1198.1 (a), here in question, is a condition precedent to perfecting a substantive right, or in any event, a statute terminating a substan-

---

[1]All references to sections refer to sections of the Code of Civil Procedure unless otherwise mentioned.

tive right and hence not affected by the section of the Bankruptcy Act cited.

"The nature of statutory provisions pertaining to mechanics' liens differ from state to state. (See: 36 Am. Jur., Mechanics' Liens § 241, pp. 153-154; 57 C.J.S., Mechanics' Liens § 183, pp. 734-735; § 282, pp. 890-891.) Hence, we look to authoritative materials of our state. These characterize the statute in question as being a type of a statute of limitations going to the remedy, rather than a limitation of a substantive right. (See Anno. 139 A.L.R. 903, 909-910.)

"In *Hughes Bros.* v. *Hoover* (1906) 3 Cal.App. 145, 150 [84 P. 681], the court held the provisions of § 1190 [now found in § 1198.1 (a)] can only be interpreted as a statute of limitations in view of mechanics' lien rights stemming from a state constitutional provision. The section to which the court had reference is Cal. Const. art. XX, sec. 15, which provides: 'Mechanics, materialmen, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the Legislature shall provide, by law, for the speedy and efficient *enforcement* of such liens.' (Emphasis added.)

"In *Mox, Inc.* v. *Leventhal* (1928) 89 Cal.App. 253, 255 [264 P. 562], the court followed *Hughes Bros.* v. *Hoover, supra,* and ruled that the calculation of the 90 days' period was to be made with the rules applying to statute of limitations. The bar of § 1190 [now § 1198.1 (a)] must be affirmatively pleaded. (*Union Tank, etc. Co.* v. *Mammoth Oil Co.* (1933) 134 Cal.App. 229, 231 [25 P.2d 262].)

"In *Hill* v. *Hesse* (1932) 126 Cal.App. 171, 173 [14 P.2d 338, 15 P.2d 526], the court stated that 'Section 1190 [now § 1198.1 (a)] of the Code of Civil Procedure is merely a statute of limitations' and held that it could be waived or extended by a written agreement by the landowner. It is significant that the legislature has not outlawed agreements of this kind,[2] whereas it has declared 'void and of no effect'[3] agreements waiving provisions of § 1193, which set up a prerequi-

---

"[2]The legislature is presumed to have knowledge of judicial decisions. (*Alter* v. *Michael* (1966) 64 Cal.2d 480, 482-485 [50 Cal.Rptr. 553, 413 P.2d 153]; *Cole* v. *Rush* (1955) 45 Cal.2d 345, 355 [289 P.2d 450, 54 A.L.R.2d 1137]; *McColgan* v. *Jones, Hubbard, etc., Inc.* (1938) 11 Cal.2d 243, 247 [78 P.2d 1010].

"[3]C.C.P. 1193 provides in part: '(a) Except one under direct contract with the owner or one performing actual labor for wages, every person who furnishes labor, service, equipment or material for which a lien

site or a condition precedent to acquiring a lien right and a cause of action for lien foreclosure (*Borchers Bros.* v. *Buckeye Incubator Co.* (1963) 59 Cal.2d 234 [28 Cal.Rptr. 697, 379 P.2d 1]). In fact, it has recognized such extension agreements in § 1198.1 (b) [infra, fn. 4], requiring only that the agreement be recorded against subsequent bona fide purchasers or encumbrancers.

"In *Richards* v. *Hillside Development Co.* (1960) 177 Cal. App.2d 776, 779-780 [2 Cal.Rptr. 693], the court speaking through Justice Tobriner (now of the State Supreme Court) held § 1198.1 (a) as 'do[ing] no more than set up a statute of limitations', which is extended by an unrecorded extension of credit except as to subsequent bona fide purchasers or encumbrancers as provided in § 1198.1 (b).[4]

"*States Shingle Co.* v. *Kaufman* (1964) 227 Cal.App.2d 830 [39 Cal.Rptr. 196] is not in conflict with the line of cases reviewed above. In fact on page 835, Justice Friedman expressly acknowledges that cases such as *Richards, supra,* and *Mox, Inc., supra,* 'might support the thesis that expiration of the period of limitations affects only the remedy, not the lien itself. (*Hughes Bros.* v. *Hoover,* 3 Cal.App. 145, 149-150 [84 P. 681]; see 57 C.J.S., Mechanics' Liens, § 282, p. 890.)' His statements: 'Other authorities hold that the lien itself is lost by expiration of the time for commencement of an action. (*Howard* v. *Societa de Unione e Beneficenza Italiana,* 62 Cal.App.2d 842, 850 [145 P.2d 694]; 32 Cal.Jur.2d, Mechanics' Lien, § 110, p. 739.) The precise language of the statute is that the lien does not *bind* the property beyond 90 days unless the action is commenced within that time', should be evaluated in light of the authorities cited, as well as those apparently not considered. (E.G. 139 A.L.R. 909-910, *supra.*)

"In the *Howard* case, *supra,* recovery was sought upon a

---

otherwise can be claimed under this chapter, must, as a necessary prerequisite to the validity of any claim of lien subsequently filed, cause to be given not later than 15 days prior to the filing of a claim of lien a wrtiten notice as prescribed by this section, to the owner or reputed owner and to the original contractor . . .

'(b) Any agreement made or entered into by an owner whereby the owner agrees to waive the rights or privileges conferred upon him by this section shall be void and of no effect.'

"4C.C.P. § 1198.1 '(b) As against any purchaser or encumbrancer for value and in good faith whose rights are acquired subsequent to the expiration of the 90-day period following the filing of such lien, no giving of credit or *extension of* the lien or *time to enforce the same* shall be effective unless evidenced by a notice or agreement filed for record in the office of the county recorder prior to the acquisition of the rights of such purchaser or encumbrancer.' (Emphasis added.)''

joint venture theory and no theory of a mechanic's lien was advanced. The dictum of the court in *Howard* (1944) *supra,* 62 Cal.App.2d 842, 850, 'the right to such a lien is lost by failure to commence an action within the time provided by statute' cites only Code Civ. Proc., § 1190 [now 1198.1 (a)] and *Hickman* v. *Freiermuth* (1913) 21 Cal.App. 629 [132 P. 772], which involved a failure to file the notice of lien itself within the statutory time. This latter statute § 1187 [1193.1] sets forth a condition precedent to perfection of the lien itself, as distinguished from § 1198.1 (a) which is a provision for the enforcement of a pre-existing lien right. The wording of the constitutional provision art. XX, § 15, *supra,* was not referred to by Justice Friedman in relation to the statement concerning the loss of the lien.

"In the converse situation, where the liened property has become a part of the estate of a bankrupt after lien filed, § 1198.1 (a) has been treated as a statute of limitations tolled by various provisions of the bankruptcy act preventing the lienor from commencing proceedings to enforce his mechanic's lien within the 90 days' period. (*Wells* v. *California Tomato Juice, Inc.* (1941) 47 Cal.App.2d 634 [118 P.2d 916]; *In re Etherton* (S.D. Cal. 1950) 88 F.Supp. 874, 876-877; cf. *Martin* v. *Goggin* (1951) 107 Cal.App.2d 688 [238 P.2d 84].) Holding that § 1190 [now 1198.1 (a)] affects only the remedy, Judge Yankwich states on page 877 of *In re Etherton, supra,* 'A mechanic's lien is *perfected* when a proper notice is filed, in conformity with the statute. The foreclosure is merely "proceeding in equity and resembles a proceeding to foreclose a mortgage or equitable lien." '

"Thus, it would appear from the available California authorities that § 1198.1 (a) is a statute of limitations affecting the remedy only. As to statutes barring only the remedy, the federal bankruptcy statutes prevail over state enactments. (*Dower* v. *Bomar* (5th Cir. 1963) 313 F.2d 596; *Sproul* v. *Gambone* (W.D. Pa. 1940) 34 F.Supp. 441; and cf. *Engstrom* v. *De Vos* (D.C. E.D. Wash. 1949) 81 F.Supp. 854 holding bankruptcy statute to prevail over a state statute limiting a right as contrasted to an ordinary statute of limitations.)

"As to a possible argument that giving paramount effect to 11 U.S.C.A. § 29 (e), would affect the marketability of real property, this case involves no subsequent purchaser or encumbrancer. Whether against a subsequent purchaser the trustee in bankruptcy must record under 11 U.S.C.A. § 44

(g),[5] we need not and do not here decide. (Cf. *Packard Bell Electronics Corp.* v. *Theseus, Inc.,* (1966) 244 Cal.App.2d 355 [53 Cal.Rptr. 300].) As to owners and prime contractors, they can always unfreeze the property from the claim of lien by posting a bond under § 1193.2.''

We conclude, as did the appellate department that in the circumstances of this case the lien was not extinguished and that the action was timely filed. In doing so we emphasize that in enacting section 1198.1 the Legislature did not and could not provide that the lien would be extinguished at the expiration of the 90-day period there provided. In view of the provisions of article XX, section 15, of the Constitution, it could only legislate with reference to the remedy. (*Hughes Bros.* v. *Hoover,* 3 Cal.App. 145, 149-150 [84 P. 681].) The time limitation on the filing of actions thus fixed was tolled by the provisions of section 11, subdivision (e), of the Bankruptcy Act (11 U.S.C.A., § 29, subd. (e)).

The judgment is affirmed.

Kaus, P. J., and Hufstedler, J., concurred.

---

''[5]Provides for recording of certified copy of bankruptcy petition in county where bankrupt 'owns or has an interest in real property' as constructive notice against future bona fide purchasers or encumbrancers.''