[Civ. No. 26131. First Dist., Div. Three. Aug. 17, 1971.]

CITIZENS CASUALTY COMPANY OF NEW YORK,
Plaintiff and Appellant, v.
OTIS CLARK & CO. et al., Defendants and Respondents.

## Counsel

Hauerken, St. Clair, Zappettini & Hines, Robert L. Hines and Cyril Viadro for Plaintiff and Appellant.

Pillsbury, Madison & Sutro, Noble K. Gregory, James N. Crittenden, Walter R. Allan, Haizlip, Ring, O'Donnell & Moore, David D. Ring, Kirtland & Packard, Robert C. Packard and Dickran Tevrizian, Jr., for Defendants and Respondents.

## Opinion

**BROWN (H. C.), J.**—The Citizens Casualty Company of New York (Citizens) instituted this action against Swett & Crawford (S & C), insurance brokers, for breach of an agreement to obtain reinsurance contracts. Citizens also joined as defendants Christiana General Insurance Corp. (Christiana) and the Insurance Company of North America (INA) and its insurance broker, Otis Clark & Co., claiming that these companies mistakenly issued reinsurance policies on the risk for a one-year term instead of a three-year term and prayed for reformation.

The trial court determined that the causes of action were barred by the statute of limitations and rendered judgment in favor of all defendants.

Citizens appeals contending that the agreement with S & C was a written agreement and that S & C failed to plead the proper provision of the statute of limitations pertaining to written contracts and is deemed to have waived that defense.

The facts: In January of 1959, San Francisco Provident Loan Association (by its broker) requested S & C, general insurance brokers, to obtain an all risk insurance policy for a three-year term. The appellant Citizens agreed to undertake the risk *subject to the express condition that S & C obtain reinsurance for 50 percent of the risk it assumed.* S & C negotiated with Otis Clark, brokers for INA and Christiana, who agreed to take 25 per cent each of Citizens' risk for a one-year term. It was their understanding that the insurance term was one year. They were unaware that the term of the principal policy was for three years or that Citizens had instructed S & C to have the reinsurance for a three-year term.

On January 16, 1959, Otis Clark, as broker on behalf of INA and Christiana issued its cover letter and binder for the reinsurance. The term was not specified in the binder.

S & C then issued its binder to Provident stating: "Remarks 3 YEAR PREMIUM $3,000.00 WARRANTED REINSURED 25% INSURANCE COMPANY OF NORTH AMERICA, 25% CHRISTIANA GENERAL."

On January 26, 1959, S & C wrote to Citizens: "Dear Bob: As agreed by you in our telephone conversation of January 16, 1959 at 1:45 p.m., p.s.t., we have bound the above risk for all risks, excluding fidelity and forgery, for a limit of $250,000 each loss for a three year flat premium of $3,000.00. We take pleasure in enclosing covering note No. 9101 of Otis Clark & Co. binding Insurance Company of North America, and Christiana General Insurance Corporation of New York for 25% each; we also enclose a copy of our binder No. 35863. Your daily report will follow shortly. . . ."

On January 27, 1959, S & C issued an insurance policy (the daily report) on behalf of Citizens to Provident. When preparing the "daily report," an employee of S & C inadvertently typed the term of the policy to read January 19, 1959 to January 19, 1960.

Subsequently, S & C issued an endorsement (No. 3) to the principal policy correctly stating the term to be three years. No copy of that endorsement was sent to Otis Clark, INA or Christiana by either Citizens or S & C.

Thereafter, on March 11, 1959, a letter, along with a copy of the endorsement, was sent to Citizens by S & C which put Citizens on notice that the expiration date on the original insurance policy had been corrected to express the correct understanding of the parties. No copy of this letter was directed to the reinsurers, Otis Clark, INA or Christiana.

On October 5, 1961, the San Francisco Provident Loan Association was burglarized. Citizens, under the three-year term all risk policy, which had been in effect for a year and a half, covered the loss. The reinsurance policies had expired after the one-year term and both INA and Christiana denied Citizens' demand that it participate in 50 percent of the loss.

█ Citizens claims that it did not discover that the term of the underlying policy was for three years and the reinsurance certificates were only for a one-year term until after the burglary of the San Francisco Provident Loan Association on October 5, 1961. Citizens argues that the agreement with S & C was a written agreement and, therefore, the statute of limitations (Code Civ. Proc., § 337, subd. 1) would not bar the action until four years after the burglary on October 5, 1961. This action was filed in February 1964.

The trial court's finding that S & C breached its agreement to obtain the reinsurance for the three-year term finds ample support in the evidence. We

have concluded, however, that the action against S & C was for the breach of an oral agreement and that the action should have been brought within two years after it had knowledge or reasonably should have had knowledge of the failure of S & C to obtain the reinsurance for the three-year term pursuant to its agreement. (Code Civ. Proc., § 339, subd. 1.) (See *United States Liab. Ins. Co.* v. *Haidinger-Hayes, Inc.,* 1 Cal.3d 586, 597 [83 Cal. Rptr. 418, 463 P.2d 770].) ▮ The evidence does not support Citizens' contention that S & C's breach of the agreement to obtain reinsurance for a three-year term was not discovered until after the burglary of October 5, 1961. Citizens' records show it had copies of S & C's endorsement changing the underlying policy from one year to three years by March 16, 1959 and had copies of the one-year certificates of reinsurance issued by Otis Clark by that time. Also, in April of 1959, appellant prepared a reinsurance ticket in its file which showed that the term of reinsurance was for one year. Further evidence that Citizens had knowledge or should have had knowledge that the reinsurance contracts were for one year is disclosed by appellant's records which revealed that San Francisco Provident Loan Association made claim under the policy issued by Citizens on a loss suffered in November 1959 which would have required appellant to examine the provisions of the policy it had issued. Citizens' president admitted that any review of the file containing the pertinent documents clearly would have shown the difference between the term of the underlying policy and the reinsurance policy.

The trial court found that Citizens should have discovered S & C's breach of contract in 1959. We have determined that the evidence amply supports this finding. ▮ It was in 1959 that the wrongful act was committed and the liability of S & C arose. Citizens, in March of 1959, was entitled to begin and prosecute an action for breach of contract and reformation. (See *United States Liab. Ins. Co.* v. *Haidinger-Hayes, Inc., supra,* p. 596.)

▮ Citizens argues that the agreement between it and S & C to obtain its reinsurance was a written agreement and that the writing consists of the S & C letter of January 26, 1959, together with the binder.

We do not agree with Citizens' contention. The letter of January 26, 1959 is merely a statement that the oral agreement has been performed. ▮ It is not sufficient that the cause of action is in some way remotely or indirectly connected with an instrument in writing or that the instrument is a link in the chain establishing the cause of action. The instrument itself must contain the contract to do the thing for the nonperformance of which the action is brought. (*Benard* v. *Walkup,* 272 Cal.App.2d 595, 601 [77 Cal.Rptr. 544].) ▮ Here S & C orally agreed to obtain the reinsurance

for Citizens for the three-year term. It is the breach of this oral agreement upon which the cause of action must be based.

Before a duty may be implied from a writing, the writing should be one which created the duty. (See *Worthington* v. *Kaiser Foundation Health Plan, Inc.,* 8 Cal.App.3d 435, 440 [87 Cal.Rptr. 272].) The letter of January 26, 1959, from S & C to appellant did not purport to itself establish the terms of an agreement as did the escrow instructions in *Amen* v. *Merced County Title Co.,* 58 Cal.2d 528 [25 Cal.Rptr. 65, 375 P.2d 33], or the contingent fee agreement as in *Benard* v. *Walkup, supra,* 272 Cal.App.2d 595, or the lease as in *Worthington* v. *Kaiser Foundation Health Plan, Inc., supra,* 8 Cal.App.3d 435, 440. (These cases were cited in support of Citizens' contentions.) The letter of January 26, 1959 from S & C to Citizens reminded the receiver of the oral agreement to which the letter was referring and reported upon the progress S & C had made in fulfilling its oral agreement. The letter, coupled with the binders, could be considered the work product of an agreement more readily than it could be considered the agreement itself. As such, it is evidence of the agreement rather than the agreement. The court in *Amen* recognized this distinction when it distinguished it from *Lattin* v. *Gillette,* 95 Cal. 317 [30 P. 545], in the following language: "[In *Lattin*] this court held that when the defendants were employed to search the title of certain premises and made a report that included a written certificate that title was vested in one Birnbaum, free of encumbrances, '[t]he written certificate . . . although an instrument in writing, is not an instrument upon which [defendants'] liability is founded.' (*Id.* at p. 322.) In the *Lattin* case the contract of employment was oral and the title report was mere 'evidence relied upon by [plaintiff] to establish the breach of . . . contract. . . .' (*Id.* at p. 323.) . . ." (P. 533.)

■■■ Here, S & C's agreement to procure reinsurance for 50 percent of the risk for a period of three years was oral and the binder and covering letter was evidence which established the breach of the contract. We have concluded, therefore, that the action not having been filed until more than two years after knowledge of the breach sued upon is barred by the provisions of Code of Civil Procedure section 339, subdivision 1.

While we have determined that Code of Civil Procedure section 339, subdivision 1 is applicable, we note that if we were to assume arguendo that S & C's agreement to procure the reinsurance for a three-year term might be construed to be a written agreement, the action would also be barred by Code of Civil Procedure section 337, subdivision 1. This section would require the action based upon a written instrument to be commenced within four years of the breach. ■■■ Citizens contends that as this defense was not

raised it has been waived. Although S & C did not plead this section as a bar to the action in the answer, it was raised as a defense by a general demurrer.

In *Estate of Horman,* 5 Cal.3d 62, 72 [95 Cal.Rptr. 433, 485 P.2d 785], the court stated: "It is generally held that a defense based on a statute of limitations is waived unless it is pleaded or presented to the trial court in some fashion." Also, in *Minton* v. *Cavaney,* 56 Cal.2d 576, 581 [15 Cal. Rptr. 641, 364 P.2d 473], the court held that it may be raised as a defense in the answer to the complaint or by specifying the statute of limitations as a ground of its general demurrer.

We therefore conclude that whether the agreement by S & C be interpreted as oral or written that the right of action for the breach is barred by the statute of limitations.

We conclude also that respondents Otis Clark, INA and Christiana raised the three-year bar contained in Code of Civil Procedure section 338, subdivision 4 which covers an action for relief on the ground of mistake. Since the mistake was known or should have been known in 1959, the action was obviously barred when commenced in February 1964.

The judgment is affirmed.

Draper, P. J., and Caldecott, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 14, 1971.