[Civ. No. 31606. First Dist., Div. Two. Aug. 21, 1974.]

JOHN W. PETERSEN et al., Plaintiffs and Appellants, v.
W. T. GRANT COMPANY et al., Defendants and Respondents.

**COUNSEL**

William G. Filice for Plaintiffs and Appellants.

Barrett, Stearns, Collins & Gleason, Jack R. Stearns and Edward L. Lascher for Defendants and Respondents.

OPINION

TAYLOR, P. J.—Plaintiff Petersen Bros. General Engineering Contractors (Petersen), the grading equipment lessor, appeals[1] from an adverse judgment in an action to foreclose a mechanic's lien and on common counts against the owner, W. T. Grant Co. (Grant), the general contractor, E. V. Hahn, Inc. (Hahn), and the subcontractor, William P. Rus, Inc. The main issue is whether the trial court properly granted an oral defense motion, made at time of trial, for a judgment on the pleadings that for the first time raised the affirmative defense of the 90-day statute of limitations (Civ. Code, § 3144). We also have the additional issue as to whether the court should have granted defendants' motion to amend the answer to plead the statute of limitations. For reasons set forth below, we have concluded that the judgment must be reversed.

The basic facts are not in dispute. Petersen, a licensed engineering contractor, at the special instance and request of Rus, leased equipment to excavate on a Santa Clara County site owned by respondent Grant; respondent Hahn was the general contractor. On December 1, 1970, Petersen filed and recorded a mechanic's lien for the unpaid balance of $8,489.25. On March 4, 1971, Petersen filed its complaint in the instant action. Grant and Hahn did not demur but in their answer denied the allegations of the complaint and pled as a special affirmative defense only that Petersen had failed to file the 20-day preliminary notice required by Civil Code section 3097[2] (former Code Civ. Proc., § 1193).

On the first day of trial, Grant and Hahn made an oral motion for a judgment on the pleadings that for the first time urged that the complaint was filed 94 days after December 1, 1970, and therefore did not state a cause of action (Civ. Code, § 3144, former Code Civ. Proc., § 1198.1, subd. (a)). At the same time, Grant and Hahn also orally moved to amend their answer to raise the 90-day statute, but urged that it was not necessary to affirmatively plead this defense as Petersen's inability to state a cause of

---

[1]Although the notice of appeal refers to the entire judgment, the portion awarding judgment to Petersen against the defaulting subcontractor, William Rus, is not in issue on appeal. Also, no contentions are raised as to the second cause of action on common counts decided in favor of Grant and Hahn and against Petersen on the merits.

[2]The written memorandum in support of the oral motion erroneously refers to the prior statutory provisions. The Civil Code sections, added by Statutes of 1969, chapter 1362, section 1, page 2752, became operative on January 1, 1971. As indicated above, the instant complaint was filed in March 1971. While technically, the former statutes apply to the instant liens, no substantive changes were effected in transferring the sections here discussed from one code to another.

action to foreclose the mechanic's lien appeared on the face of the complaint.[3] The trial court deferred ruling and over objection of Grant and Hahn heard evidence. Petersen was permitted to amend its complaint to conform to proof and reduced the amount of its claim to $3,885.25, as the preliminary 20-day notice required by Civil Code section 3097 had not been timely filed. At the conclusion of the trial, the court found that Grant and Hahn were entitled to a judgment on the pleadings as Petersen's cause of action to foreclose on the mechanic's lien was barred by the 90-day statute of limitations.[4]

Petersen argues that the trial court's decision was erroneous as it treated the statute of limitations defense as a substantive matter that could properly be raised for the first time by the motion for a judgment on the pleadings. Petersen, in effect, contends that Grant and Hahn's failure to raise the 90-day statute of limitations by demurrer or answer amounted to a waiver of the defense and that, therefore, the trial court could not properly have granted their motion at the trial to amend their answer to raise the statute, even if it had chosen to do so. Petersen relies on the long and established rule that in this state, the statute of limitations is a personal privilege that must be affirmatively evoked in the lower court by appropriate pleading or it is waived (3 Witkin, Cal. Procedure (2d ed.) § 939, p. 2518). For example, as held in *Miller* v. *Parker,* 128 Cal.App. 775, 777-778 [18 P.2d 89], even when, as here, the defense appears on the face of the complaint, it is not available unless specially pleaded.

Grant and Hahn rely on one of the three well established exceptions[5] to this special pleading requirement (3 Witkin, Cal. Procedure (2d ed.) § 943, pp. 2523-2524), where the bar imposed is not by an ordinary limitation provision, but by a statute limiting the substantive right. *The question in this context is one of first impression.*

Relying on *States·Shingle Co.* v. *Kaufman,* 227 Cal.App.2d 830, at page 835 [39 Cal.Rptr. 196], Grant and Hahn argue that the 90-day statute of the mechanic's lien·statute is substantive, as its expiration "unbinds" property even as to recorded lien claims. In *States Shingle, supra,* the plaintiff materialman supplied materials to a general contractor in El Dorado County, where he timely filed a lien. Within the 90-day period of

---

[3]The record indicates that the court below was misled to believe that like any jurisdictional defect, the defense could always be raised in this manner.

[4]As to the second cause of action, the common count not in issue on this appeal, the court also found in favor of Grant and Hahn on the merits as there was no privity of contract between them and Petersen.

[5]The other two are not pertinent here.

former Code of Civil Procedure section 1198.1, he commenced an action to foreclose the lien in the County of Alameda and merely recorded a lis pendens in El Dorado County. Eleven months later, the action was transferred to El Dorado County. The appellate court held that the action was not filed in time as the phrase "proper court" in the lien statute could only refer to the court where the land is located and in which the local action had to be commenced. The court said at pages 834-835: "Some California authorities state that the 90-day requirement is nothing more than a statute of limitations which may be waived. [Citations.] Such authorities might support the thesis that expiration of the period of limitations affects only the remedy, not the lien itself. [Citations.] Other authorities hold that the lien itself is lost by expiration of the time for commencement of an action. [Citations.] The precise language of the statute is that the lien does not *bind* the property beyond 90 days unless the action is commenced within that time. In the light of that language, the apparent statutory objective is to 'unbind' the property at the end of 90 days, permitting owners, buyers, encumbrancers and title insurance companies to deal freely with the property in reliance upon expiration of the limitation period. Even though a lien claim may have been filed, the foreclosure suit may never be forthcoming, not because the supplier or subcontractor slept upon his rights, but because he was paid off after filing the claim. Persons dealing with the property are entitled to rely upon the record. They should not face the burden of examining court filings in superior and municipal courts in 57 California counties other than that in which the construction work has occurred. The lien statutes have not consistently demanded a *lis pendens* and its recordation is now optional. [Citations.] The search of the interested parties should be confined to one county only, that is, the county in which lies the property which is the subject of the lien claim."

We think the above language of *States Shingle,* as the court itself recognized by indicating that good faith purchasers were in a better position to make the argument than landowners, is more relevant to the rights and obligations of third parties rather than primary parties. For example, in *Richards* v. *Hillside Development Co.,* 177 Cal.App.2d 776, at pages 779-780 [2 Cal.Rptr. 693], this court, speaking through Justice Tobriner, now of the state Supreme Court, held that Code of Civil Procedure section 1198.1, subdivision (a) set up a statutory time limitation that may be increased by an unrecorded extension of credit *except as to subsequent bona fide purchasers or encumbrancers as provided in section 1198.1, subdivision (b).* ■ In the context of the issues presented by the instant case, we are persuaded by the later holding of *Robinson* v. *S & S Development,* 256 Cal.App.2d 13, 15 [63 Cal.Rptr. 663], that the 90-day period of former

Code of Civil Procedure section 1198.1 is merely a statute of limitations rather than a statute affecting a substantive right (2 Witkin, Cal. Procedure (2d ed.) § 231, p. 1089).

In *Robinson,* the court held that since Code of Civil Procedure section 1198.1 affected only the remedy, it was tolled by the federal bankruptcy statute. The court commented on *States Shingle* as follows: " '*States Shingle Co.* v. *Kauman* (1964) 227 Cal.App.2d 830 [39 Cal.Rptr. 196] is not in conflict with the line of cases reviewed above. In fact on page 835, Justice Friedman expressly acknowledges that cases such as *Richards, supra,* and *Mox, Inc., supra,* "might support the thesis that expiration of the period of limitations affects only the remedy, not the lien itself. [Citations.]" His statements: "Other authorities hold that the lien itself is lost by expiration of the time for commencement of an action. [Citations.] The precise language of the statute is that the lien does not *bind* the property beyond 90 days unless the action is commenced within that time," should be evaluated in light of the authorities cited, as well as those apparently not considered. [Citation.]

" 'In the *Howard* case . . . , recovery was sought upon a joint venture theory and no theory of a mechanic's lien was advanced. The dictum of the court in *Howard* (1944) . . . , 62 Cal.App.2d 842, 850 [145 P.2d 694], "the right to such a lien is lost by failure to commence an action within the time provided by statute" cites only Code Civ. Proc., § 1190 [now 1198.1 (a)] and *Hickman* v. *Freiermuth* (1913) 21 Cal.App. 629 [132 P. 772], which involved a failure to file the notice of lien itself within the statutory time. This latter statute § 1187 [1193.1] sets forth a condition precedent to perfection of the lien itself, as distinguished from § 1198.1 (a) which is a provision for the enforcement of a preexisting lien right. The wording of the constitutional provision art. XX, § 15, *supra,* was not referred to by Justice Friedman in relation to the statement concerning the loss of the lien.

" 'In the converse situation, where the liened property has become a part of the estate of a bankrupt after lien filed, § 1198.1 (a) has been treated as a statute of limitations tolled by various provisions of the bankruptcy act preventing the lienor from commencing proceedings to enforce his mechanic's lien within the 90 days' period. [Citations.] Holding that § 1190 [now 1198.1 (a)] affects only the remedy, Judge Yankwich states on page 877 of *In re Etherton, supra,* "A mechanic's lien is *perfected* when a proper notice is filed, in conformity with the statute. The foreclosure is merely 'proceeding in equity and resembles a proceeding to foreclose a mortgage or equitable lien.' " We conclude, therefore, that the trial

court erred in treating the matter as substantive and granting the motion for judgment on the pleadings.

We turn next to the trial court's failure to dispose of Grant and Hahn's motion to amend their answer to include the 90-day statute of limitations.

Petersen, relying on authorities such as *Overton* v. *White*, 18 Cal.App. 2d 567 [64 P.2d 758, 65 P.2d 99], and *Davenport* v. *Stratton*, 24 Cal.2d 232 [149 P.2d 4],[6] urges that Grant and Hahn could not raise the statute of limitations properly for the first time at trial. ■ The present rule is that a defense based on the statute of limitations is waived unless it is pleaded or presented to the trial court in some fashion (*Estate of Horman*, 5 Cal.3d 62, 72 [95 Cal.Rptr. 433, 485 P.2d 785]).

In *Wrightson* v. *Dougherty*, 5 Cal.2d 257 [54 P.2d 13], defendant was permitted to amend his answer to plead the statute of limitations, and a nonsuit on the opening statement and judgment on pleadings were affirmed. The court noted (at p. 266) that the granting or refusing of leave to amend the answer was committed to the sound discretion of the trial court. In *Vedder* v. *Superior Court*, 254 Cal.App.2d 627 [62 Cal.Rptr. 222], the court said at page 629: "The statute of limitations is not a disfavored defense. A requested amendment to raise the statute is entitled to as much consideration as an amendment asserting any other claim or defense. [Citations.] When a trial court denies a motion such as the present, the reviewing court faces the somewhat opposing tendencies of the policy espousing liberality in amendment of pleadings and the policy of upholding trial court discretion when no clear abuse appears. [Citations.] The upshot is that each case will turn on its own facts and its individual equities. (2 Chadbourn, Grossman and Van Alstyne, California Pleading, pp. 343-344.)"

In the instant case, the trial court never ruled on Grant and Hahn's motion to amend their answer, thereby creating an ambiguity in the record.[7] ■ It appears that the court's reason for failing to rule on the motion to amend and for entering judgment for defendants was the mistaken conclusion that the statute of limitations was substantive rather

---

[6]These cases denying amendment where a defendant pleads the wrong specific subsection of the statute of limitations have long been criticized as following the old view of the statute of limitations as a disfavored defense (*Hopkins* v. *Hopkins*, 116 Cal.App.2d 174, 177-184 [253 P.2d 723]; 3 Witkin, Cal. Procedure (2d ed.) Pleading, § 942, pp. 2521-2523); and have not been followed by recent authorities (*Citizens Cas. Co.* v. *Otis Clark & Co.*, 19 Cal.App.3d 294, 301 [96 Cal.Rptr. 838], hg. den. by Supreme Ct. 10/14/71).

[7]A denial of the motion would have been consistent with the awarding of judgment in favor of Petersen in the reduced amount.

than procedural. Thus, we can only surmise that the trial court did not attempt, as in *Vedder, supra,* to balance the equities and consider Petersen's assertion of estoppel to the statute on the ground that he consented to a four-month delay in the time in which defendants could answer or demur to the complaint. Petersen contends that as a result of this delay, he was prevented from prosecuting his remedies against the defaulting subcontractor who, in the meantime, became bankrupt. Accordingly, the judgment is reversed and the trial court directed to consider Petersen's defense of estoppel, to balance the equities, and then deny or grant the motion to amend the answer to plead the statute, and enter judgment accordingly.

Kane, J., and Rouse, J., concurred.

A petition for a rehearing was denied September 20, 1974, and respondents' petition for a hearing by the Supreme Court was denied October 17, 1974.