[Civ. No. 22976. Fourth Dist., Div. One. July 15, 1981.]

ELECTRIC SUPPLIES DISTRIBUTING COMPANY OF SAN DIEGO, INC., Plaintiff, Cross-defendant and Respondent, v. IMPERIAL HOT MINERAL SPA, Defendant, Cross-complainant and Appellant.

COUNSEL

Dwight G. Hicks for Defendant, Cross-complainant and Appellant.

Luce, Forward, Hamilton & Scripps and Charles A. Bird for Plaintiff, Cross-defendant and Respondent.

OPINION

FROEHLICH, J.*—This lawsuit involved a supplier of electric supplies (Supplier), a construction contractor who purchased the supplies (Con-

---

*Assigned by the Chairperson of the Judicial Council.

tractor), and the holder of a leasehold interest from the County of Imperial (Owner). The Supplier sued for the contract price and reasonable value of materials provided the Contractor and utilized on the job, including as one of its counts a cause of action to foreclose a mechanic's lien against the leasehold interest of the Owner. Owner cross-complained against Supplier for damages based upon an alleged failure to provide state-required certifications of the electrical equipment and for delay in performance.

All issues raised by the pleadings were resolved by summary judgment in favor of plaintiff Supplier. While the form of the judgment might appear somewhat more broad, the affirmative relief granted is characterized in the respondent-Supplier's appellate brief as solely the foreclosure of its mechanic's lien. ■ The Supplier further stipulated in the brief that the recovery of judgment on this single cause of action merged all other theories upon which the complaint was premised, thereby precluding any further action on same. These statements constitute judicial admissions which are binding upon the Supplier. (*Williams* v. *Superior Court* (1964) 226 Cal.App.2d 666, 674 [38 Cal.Rptr. 291]; *Arruda* v. *Arruda* (1963) 218 Cal.App.2d 410, 417 [32 Cal.Rptr. 257].) Therefore, on appeal the only questions presented concern the propriety of granting summary judgment (1) foreclosing the mechanic's lien, and (2) dismissing the Owner's cross-complaint for damages for failure of performance.

■ It is well established that in ruling on a motion for summary judgment the court may look only to the *evidence* before it, which is presented by means of declarations under penalty of perjury, affidavits, admissions, answers to interrogatories, or depositions. (Code Civ. Proc., § 437c.) The pleadings do not constitute evidence (particularly should this be so in cases where they are unverified, as here) in support of the pleader. (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 188, p. 2837.) ■ Reviewing the evidence before the court, we find that the moving party-Supplier filed declarations detailing the terms of the contract with the Contractor; identifying items ordered and delivered, together with dates and values thereof; setting forth the details of the recordation of mechanic's lien claims; admitting the lack of any direct contract with the Owner; denying any obligation to furnish state-required certifications; and generally stating facts showing full performance of the contract and delivery of goods used on the jobsite of a value equal to the claim.

Defendant Owner filed a "Statement in Opposition to Plaintiff's Motion for Summary Judgment," but by way of evidence provided only a two-page declaration of the general partner of Owner. This document controverted none of the factual material produced by the Supplier, save and excepting only minor allegations concerning completion of the job. In this regard, the Owner's evidence shows that no notice of completion of the work of improvement had even been recorded, that the project had not been completed or occupied or accepted by the Owner, and that no cessation of work had occurred on the job.

In summary, then, all of the factual contentions of the Supplier were admitted except for facts relating to completion of the job by the Owner. The ruling in favor of the Supplier on the Owner's cross-complaint is therefore fully justified. The only facts in issue are those bearing upon time periods relating to the foreclosure of the mechanic's lien.

Stipulated facts having to do with the lien are as follows: The Supplier furnished materials in March and April 1978. On July 21, 1978, it recorded a claim of mechanic's lien. No action was ever commenced to foreclose this lien. A second mechanic's lien claim was recorded on February 13, 1979, upon which this action to foreclose was commenced on May 8, 1979. Accepting the respondent-Owner's version of the facts relative to completion, we assume for purposes of the summary judgment motion that the project has never been completed, and work thereon continues.

Appellant-Owner, recognizing the authority of *Schwarz & Gottlieb, Inc.* v. *Marcuse* (1917) 175 Cal. 401 [165 P. 1015], concedes that the filing of one claim of lien does not bar additional filings during the statutory period of permissible filings. Hence, failure to bring an action to foreclose a lien during the 90-day period will not necessarily preclude lien relief, provided the lienor is within the time frame during which a second claim of lien may be recorded.

Owner's contention, however, is that any claim of lien must be filed within a specified period of time from a "starting point," suggesting that several "starting points" are provided by the statute. One "starting point," it is claimed, is the subcontractor's cessation of furnishing of labor or materials to the job; and the subsequent starting points are either the completion of work on the project or the recordation of notice of

completion or cessation of ·work. Since 90 days had passed from the first "starting point," and the second "starting point" had never oc- curred, the second lien claim was not timely filed. The support for this contention is assertedly found in *Schwarz v. Gottlieb, supra*, at page 413.

The difficulty with this contention is that the statute in effect in 1917 was different from that prevailing in 1978. In 1917, the applicable section (Code Civ. Proc. § 1187) required a lienor who was not an original contractor to record his claim "within thirty days after he has ceased to labor or has ceased to furnish materials, or both; or at his option, within thirty days after completion of the original contract, if any, under which he was employed . . . ." This section therefore provided two times for the commencement of defined periods within which a claim could be filed—one "starting date" was the completion of work by the subcontractor (after which he could file the claim within 30 days), and the other "starting date" was the completion of the total project (after which he again could file within 30 days). The currently applicable authority, Civil Code section 3116[1] retains as an initial date after which a claim can be filed the completion of work by the subcontractor, but does *not* utilize this date as a "starting date" for the tolling of any statute of limitations within which additional claims must be filed. The "starting dates" for tolling the period of filing all have to do with completion of the work of improvement or cessation of work, and provide for a 90-day period if no notice of completion is recorded by the owner, or a 30-day period after such notice has been recorded.

There is, therefore, no merit in appellant-Owner's contention. Since the claim of lien was filed during the period of work on the project as a whole, before any cessation of such work or notice of completion was filed, the claim of lien was filed within the statutory period. The action to foreclose the lien was brought within 90 days of its date of recordation. Because of lack of evidence from Owner relative to the goods furnished or the amount of the lien, the evidence produced by the Supplier is conclusive.

---

[1]Civil Code section 3116 provides: "Each claimant other than an original contractor, in order to enforce a lien, must record his claim of lien after he has ceased furnishing labor, services, equipment, or materials, and before the expiration of (a) 90 days after completion of the work of improvement if no notice of completion or cessation has been recorded, or (b) 30 days after recordation of a notice of completion or notice of cessation."

Judgment affirmed.

Cologne, Acting P. J., and Work, J., concurred.