[Civ. No. 68926. Second Dist., Div. Three. Feb. 23, 1984.]

MARIS MANAGEMENT CORPORATION, Plaintiff and Appellant, v. ASSURED DRYWALL AND TEXTURES, Defendant and Respondent.

---

---

**COUNSEL**

Elli R. Gump and Linn Davis for Plaintiff and Appellant.

Raymond Utin for Defendant and Respondent.

---

**OPINION**

**DANIELSON, J.**—Plaintiff Maris Management Corporation (Maris) appeals from a judgment denying its petition to release property from mechanics' lien.

### FACTS

On January 12, 1982, Assured Drywall and Textures (Assured Drywall) recorded two claims of mechanics' liens, aggregating $56,660.65, on property owned by Maris. One claim was in the sum of $31,513.40, plus interest at the rate of 18 percent per annum from January 8, 1982, for "Installing drywall, tape, mud, nails, pickup work" on property located at 353 South

Morengo [*sic*] Avenue in Pasadena. The other claim, on the same property, was in the sum of $25,147.25, plus 18 percent interest from January 8, 1982, for "Extra & P.O. Work above contracted amount, for installation of drywall at exterior and finishing interior, including materials, drywall, tape, mud, nails, texture labor included."

On May 21, 1982, the superior court granted Maris a "Decree of Release of Property from Mechanics' Lien" pursuant to Civil Code section 3154,[1] which provides, in subdivision (a): "At any time after the expiration of the time period specified by Section 3144 with regard to the period during which property is bound by a lien after recordation of a claim of lien, where no action has been brought to enforce such lien, the owner of the property . . . may petition the proper court for a decree to release the property from a lien."

Section 3144 provides, in pertinent part: "No lien provided for in this chapter binds any property for a longer period of time than 90 days after the recording of the claim of lien, unless within that time an action to foreclose the lien is commenced in a proper court . . . ."

On June 7, 1982, Assured Drywall recorded a new claim of mechanic's lien against the same property, in the sum of $56,515.12, plus interest at the rate of 10 percent per annum from January 8, 1982, for "Installing drywall, tape, mud, nails, pickup work."

On June 23, 1982, Maris commenced a new civil action by filing a "Petition To Release Property From Mechanics' Lien," pursuant to section 3154, on the ground that the work described therein was the same as that described in the two previous claims of the lien from which the property had been released. The parties do not contest that the work and materials which served as the basis for the two claims of lien recorded January 12, 1982, are the same work and materials which are the basis of the single claim of lien which was recorded on June 7, 1982.[2] Maris' petition of June 23 was denied on September 8, 1982, and judgment to that effect was made and entered.

---

[1] All statutory references are to the Civil Code unless otherwise specified.

[2] A stipulated statement of facts submitted with an earlier petition for writ of mandate before this court reads, in part: "On June 7, 1982, [Assured Drywall] recorded a single Mechanics' Lien covering the labor and materials as set forth in the first two liens hereinabove mentioned, however, the amount was for $56,515.12 plus interest at ten percent (10%) per annum." (*Maris Management Corporation* v. *Superior Court*, 2 Civ. 66677.)

CONTENTIONS:

Maris contends:

A. The scheme of the mechanics' lien law bars the recordation of liens previously recorded and released.

B. The procedural provisions of the mechanics' lien law afford the constitutionally-requisite due process to the property owner.

C. Failure to release the mechanics' lien has denied petitioner due process of law.

D. The 90-day period to commence action to foreclose on a lien operates as a statute of limitations.

Assured Drywall contends:

A. A mechanic [sic] lien may be recorded and is valid provided only that it is timely.

B. There is no prohibition against recording more than one lien or amending a lien provided that such recordation is timely.

C. Section 3154 does not alter mechanics' lien rights.

D. The constitutionally mandated right to a mechanic's lien has been held to be, in principle, superior to the owner's procedural rights.

E. Plaintiff has not been deprived of due process of any right.

DISCUSSION

Prior to January 1, 1980, the effective date of section 3154, a claimant of a mechanics' lien who failed to commence an action to foreclose the lien within the 90-day period set forth in section 3144 was thereafter permitted to record a new claim of lien for the same work or materials, provided the applicable statutory periods for the filing of lien claims had not yet expired. (§§ 3115-3117; *Electric Supplies Distributing Co.* v. *Imperial Hot Mineral Spa* (1981) 122 Cal.App.3d 131, 135-136 [175 Cal.Rptr. 644].³ ▮ The

question we are called upon to decide is whether there is a different result in the instant case, where the owner, Maris, availed itself of the new remedy set forth in section 3154 and secured a release of the property from Assured Drywall's lien on May 21, 1982, prior to the recordation of the second claim of lien for the same work and materials.

Article XIV, section 3, of the California Constitution provides: "Mechanics, persons furnishing materials, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens."

The Legislature, acknowledging this lien right (§§ 3110-3112), has provided for the speedy and efficient enforcement of mechanics' liens by the recordation of a claim of lien within the statutory time frame (§§ 3115-3117), and the commencement of an action to foreclose the lien within 90 days after the recording of the claim of lien (§ 3144).

The determination of the question posed by this appeal requires the recognition of the distinction between the terms "lien" and "claim of lien." ██ The term "lien" denotes the interest of the mechanic, materialman, or laborer in the property, gained by reason of the work or material which he has bestowed upon the property. (Cal. Const., art., XIV, § 3) ██ The

---

[3]Sections 3115, 3116, and 3117 provide:

Section 3115: "Each original contractor, in order to enforce a lien, must record his claim of lien after he completes his contract and before the expiration of (a) 90 days after the completion of the work of improvement as defined in Section 3106 if no notice of completion or notice of cessation has been recorded, or (b) 60 days after recordation of a notice of completion or notice of cessation."

Section 3116: "Each claimant other than an original contractor, in order to enforce a lien, must record his claim of lien after he has ceased furnishing labor, services, equipment, or materials, and before the expiration of (a) 90 days after completion of the work of improvement if no notice of completion or cessation has been recorded, or (b) 30 days after recordation of a notice of completion or notice of cessation."

Section 3117: "Where the work of improvement is not made pursuant to one original contract for the work of improvement but is made in whole or in part pursuant to two or more original contracts, each covering a particular portion of the work of improvement, the owner may, within 10 days after completion of any such contract for a particular portion of the work of improvement, record a notice of completion. If such notice of completion be recorded, notwithstanding the provisions of Sections 3115 and 3116, the original contractor under the contract covered by such notice must, within 60 days after recording of such notice, and any claimant under such contract other than the original contractor must, within 30 days after the recording of such notice of completion, record his claim of lien. If such notice is not recorded, then the period for recording claims of lien shall be as provided for in Sections 3115 and 3116."

term "claim of lien" is the verified "written statement" which the law permits to be recorded for the purpose of providing speedy and efficient enforcement of the lien. (§ 3084.) Thus, sections 3115 and 3116 provide that the original contractor or other claimant, "in order to enforce a *lien,* must record his *claim of lien*" within the specified time periods. And section 3154 provides that when [90 days] have elapsed "after recordation of a *claim of lien,* where no action has been brought to enforce such lien, the owner . . . may petition the proper court for a decree to release the property from the *lien.*" (Italics added.) ▉ The purposes of section 3154 are to require lienors speedily and efficiently to enforce their liens, and to release property from stale liens, which tend to cloud title.

The language of section 3154 is clear and free of ambiguity; it means exactly what it says. ▉ " 'It must be assumed that the legislature was cognizant of the correct meaning and use of the terms and that it drafted its enactment in the light of the code provisions and decisions of the courts of this state relating thereto, . . .' (*Anderson* v. *I. M. Jameson Corp.* [1936] 7 Cal.2d 60 at p. 67.)" (*People* v. *Koester* (1975) 53 Cal.App.3d 631, 642 [126 Cal.Rptr. 73].)

In *Anderson,* our Supreme Court also stated: ▉ " 'This court is limited to interpreting the statute, and such interpretation must be based on the language used. By the express provisions of section 1858 of the Code of Civil Procedure, "In the construction of a statute . . . the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted . . . ." It is elementary that there can be no intent in a statute not expressed in its words; that the intention of the legislature must be determined from the language of the statute. (Citing cases.) . . . "It is a cardinal rule in the construction of statutes that the intent of the legislator should be followed, but this is subject to the imperative and paramount rule that the court cannot depart from the meaning of language which is free from ambiguity, although the consequence would be to defeat the object of the act." ' [Citations.]" (*Anderson* v. *I. M. Jameson Corp., supra,* 7 Cal.2d at pp. 67-68 [59 P.2d 962].)

▉ In the case at bench, when the superior court made its "Decree of Release of Property From Mechanics' Lien," on May 21, 1982, the *property* was released from the lien. ▉ ▉ ▉ The lien was extinguished; there was no longer a lien to be enforced and to serve as the basis for a new "claim of lien."[4]

---

[4]Release of the property from the lien does not extinguish the debt. Section 3154, subdivision (g) provides, inter alia, that a decree cancelling a claimant's lien shall not bar a claimant from bringing any other cause of action or claim for relief, other than an action foreclosing such lien.

The statutory "claim of lien" is not the lien. The lien is created by our constitution. The "claim of lien," and the remedy of foreclosure, are the vehicle and the procedure which the Legislature has provided, by law, for the speedy and efficient enforcement of such liens. By enacting section 3154, the Legislature has provided, by law, that if the lienor does not comply with the procedures which it has provided for the enforcement of such liens, then the owner may petition the court for a decree to release the property from the lien. Once that decree has been made, there is no longer a lien upon the property, based upon the same work and materials, to serve as the basis for a new claim of lien. The decree of release operates against the lien on the property, not against the claim of lien.

Although Maris denominated its second civil action as a "petition to release property from mechanic's lien," it appears that Maris actually sought cancellation of a void or voidable instrument, i.e., the claim of purported lien. (§ 3412.) The property had been released from the lien by the decree of May 21, 1982. Maris could have sought such relief in its original action against Assured Drywall. Courts have jurisdiction, where there is cause, to make such orders as are necessary to enforce their judgments. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 81 et seq., pp. 4091-4102, and authorities cited there.) Such orders, made after judgment, are reviewable on appeal. (Code Civ. Proc., § 904.1, subd. (b).)

"When jurisdiction is, by the constitution or this code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code." (Code Civ. Proc., § 187.)

"In *Potomac Oil Co.* v. *Dye* 14 Cal.App. 674 . . ., the court speaking of the power of the courts under Code of Civil Procedure section 187 (in a civil case) said: '. . . "The court entertaining the action has jurisdiction not only to command the performance of duties, but to enforce its commands by subsequent proceedings in the action. . . . If complete relief is not given by the order of the court, to avoid other actions, other orders will be made until that end is attained." [Citation.] This authority is plainly expressed in section 187, Code of Civil Procedure.'" (*People* v. *Hyde* (1975) 49 Cal.App.3d 97, 102 [122 Cal.Rptr. 297].)

## DECISION

The judgment denying the petition to release property from mechanics' lien is reversed, and the cause is remanded to the trial court to treat the

petition as an application for cancellation of the purported claim of lien, and to conduct any further proceedings consistently with the views expressed herein.

Klein, P. J., and Arabian, J., concurred.