[No. A043425. First Dist., Div. One. Apr. 12, 1989.]

COAST CENTRAL CREDIT UNION, Petitioner, v.
THE SUPERIOR COURT OF HUMBOLDT COUNTY, Respondent;
JAMES LEE, Real Party in Interest.

**COUNSEL**

Leonard Bandell and Bandell & Swanson for Petitioner.

No appearance for Respondent.

Kenneth R. Mathews and Mathews & Mathews for Real Party in Interest.

**OPINION**

**STEIN, J.—**

### SUMMARY

Petitioner, Coast Central Credit Union (Coast), is a defendant in an action to foreclose a mechanics' lien brought by real party, James Lee.

Coast moved for summary judgment against Lee on the ground that Lee's action was not timely filed and on the separate ground that all disbursements made by Coast were secured by its deed of trust which had priority over Lee's lien. Respondent denied the motion, and this timely petition followed (Code Civ. Proc., § 437c, subd.(1)). As will be seen, we agree with the superior court and, accordingly, discharge our alternative writ and deny the petition.

### FACTUAL BACKGROUND

Lee was hired by Jean Bazemore to build her home. Coast financed the construction and recorded its trust deed prior to the commencement of the

work. The agreement between Coast and Bazemore provided that no disbursements would be made by Coast if any mechanics' lien was on file, unless the lien was satisfied by the disbursement. The agreement generally provided for disbursements according to a schedule known as the "Five Pay Draw" plan, with disbursements at specified stages of construction. Those stages in the Coast/Bazemore agreement were upon (1) completion of the foundation; (2) enclosure of the building and completion of the roof; (3) completion of work required to ready interior walls for finishing; (4) completion of the home; and (5) 10 percent withheld to meet liens. The agreement provided that "In no event may the percentage of the loan that has been disbursed exceed the percentage of completion of construction."

Lee abandoned the job when Bazemore failed to pay him sums due for work and materials and he learned that Coast had prematurely disbursed funds to Bazemore. On December 1, 1986, he timely recorded a claim of lien. (Civ. Code, §§ 3084, 3115.)[1] On February 17, 1987, however, Lee received a letter from the title insurer handling an escrow in Bazemore's name assuring him that he would be paid from that escrow. In reliance on the letter, Lee did not commence foreclosure proceedings on his December 1, 1986, claim of lien within the 90-day period provided by section 3144, subd. (a).

Lee was subsequently informed that he would not be paid from the escrow and on April 21, 1987, he recorded a second claim of lien for the same work. This second lien, it is undisputed, was recorded before the filing of a notice of cessation or a notice of completion and was thus timely within the meaning of the statutory scheme for perfecting a mechanics' lien. The complaint to foreclose was filed on July 17, 1987, 87 days after the April 21, 1987, recording.

## ISSUES

Coast contends here, as it did below, that by failing to commence an action on his first claim of lien within the 90 days allowed by section 3144, Lee was forever precluded from bringing a claim on that lien. Coast relies on *Maris Management Corp.* v. *Assured Drywall & Textures* (1984) 152 Cal.App.3d 268 [199 Cal.Rptr. 309], and subdivision (b) of section 3144 added by Statutes 1984, chapter 871, section 1, page 2944.[2]

---

[1] Unless otherwise noted, all further statutory references are to the Civil Code.

[2] Section 3144 provides: "(a) No lien provided for in this chapter binds any property for a longer period of time than 90 days after the recording of the claim of lien, unless within that time an action to foreclose the lien is commenced . . . . [¶] (b) If the claimant fails to commence an action to foreclose the lien within the time limitation provided in this section, the lien automatically shall be null and void and of no further force and effect."

■ Coast additionally contends that in any case its optional disbursements were senior to the mechanics' lien.

DISCUSSION

I.

■ ■ Authorized by Code of Civil Procedure section 437c, "[t]he purpose of summary judgment is to penetrate evasive language and adept pleading and to ascertain, by means of affidavits, the presence or absence of triable issues of fact. [Citation.] . . . [¶] A defendant is entitled to summary judgment if the record establishes as a matter of law that none of the plaintiff's asserted causes of action can prevail. [Citation.] To succeed, the defendant must conclusively negate a necessary element of the plaintiff's case, and demonstrate that under no hypothesis is there a material issue of fact that requires the process of a trial." (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].)

Mechanics' lien law derives from our state Constitution, which provides: "Mechanics, persons furnishing materials, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens." (Cal. Const., art. XIV, § 3.) ■ "The constitutional mandate . . . . is a two-way street, requiring a balancing of the interests of both lien claimants and property owners. . . . [¶] From the point of view of lien claimants, the words 'speedy and efficient' must obviously be interpreted to mean that the Legislature should arrange for them to receive their money as soon as possible after supplying the labor or materials. [¶] On the other hand, the property owner also has an interest which must be protected. From his standpoint, the words 'speedy and efficient' should be interpreted to mean that his title should be cleared as soon as possible, so that it will have some marketability." (*Borchers Bros.* v. *Buckeye Incubator Co.* (1963) 59 Cal.2d 234, 238-239 [28 Cal.Rptr. 697, 379 P.2d 1].)

■ The mechanics' lien is the only creditors' remedy stemming from constitutional command and our courts "have uniformly classified the mechanics' lien laws as remedial legislation, to be liberally construed for the protection of laborers and materialmen." (*Connolly Development, Inc.* v. *Superior Court* (1976) 17 Cal.3d 803, 826-827 [132 Cal.Rptr. 477, 553 P.2d 637], fn. omitted.) " '[S]tate policy strongly supports the preservation of laws which give the laborer and materialman security for their claims. (*Id.*

at p. 827.)' " (*Hutnick* v. *United State Fidelity & Guaranty Co.* (1988) 47 Cal.3d 456, 462 [253 Cal.Rptr. 236, 763 P.2d 1326].) ■ Still, the constitutional provision " 'is not self-executing, and is inoperative except as supplemented by legislation.' " (*Borchers Bros.* v. *Buckeye Incubator Co., supra,* 59 Cal.2d 234, 237-238.) The Legislature has the power " 'reasonably to regulate and to provide for the *exercise* of the right, the manner of its exercise, the time when it attached, and the time within which and the persons against whom it could be enforced.' " (*Borchers Bros., supra,* at p. 238, quoting *Barr Lumber Co.* v. *Shaffer* (1951) 108 Cal.App.2d 14, 20 [238 P.2d 99], italics in original.)

■ This statutory scheme provides a mechanism for perfecting the inchoate personal right to a lien created by the Constitution in favor of one who furnishes labor and materials (*Borchers Bros.* v. *Buckeye Incubator Co., supra,* 59 Cal.2d 234, 238) by prescribing certain conditions precedent to the creation of the lien as well as the rules for enforcing it. Thus, section 3114 specifies that a lien generally may only be enforced by a claimant who gives a preliminary 20-day notice in accordance with section 3097. Sections 3115 and 3116 require that a "claim of lien" be recorded within specified time periods following recording of a notice of cessation or a notice of completion,[3] or within 90 days of actual completion of the work of improvement. The failure of a claimant to satisfy these sections prevents the lien from ever arising. (*Stanislaus Lbr. Co.* v. *Pike* (1942) 51 Cal.App.2d 54, 58-59 [124 P.2d 190]; *Petersen* v. *W.T. Grant Co.* (1974) 41 Cal.App.3d 217, 222 [115 Cal.Rptr. 874].)

■ The lien which attaches upon the timely filing of a claim of lien may be foreclosed within the time limits set out in section 3144 which, prior to the addition of subdivision (b) in 1984, had been held to be "merely a statute of limitations rather than a statute affecting a substantive right." (*Petersen* v. *W.T. Grant Co., supra,* 41 Cal.App.3d 217, 222.) "Prior to January 1, 1980, the effective date of section 3154, a claimant of a mechanics' lien who failed to commence an action to foreclose the lien within the 90-day period set forth in section 3144 was thereafter permitted to record a new claim of lien for the same work or materials, provided the applicable statutory periods for the filing of lien claims had not yet expired. (§§ 3115-3117; *Electric Supplies Distributing Co.* v. *Imperial Hot Mineral Spa* (1981) 122 Cal.App.3d 131, 135-136 [175 Cal.Rptr. 644])." (*Maris Management Corp.* v. *Assured Drywall & Textures, supra,* 152 Cal.App.3d 268, 272; see

---

[3] A "notice of cessation" is recorded by an owner—the person who causes the work of improvement to be constructed—specifying, among other things, the date on which worked ceased. (§ 3092.) Similarly, a "notice of completion" is a notice recorded by the owner specifying the date of completion of the work. (§ 3093.)

*Schwarz & Gottlieb, Inc.* v. *Marcuse* (1917) 175 Cal. 401, 415-416 [165 P. 1015]; *In re Paul Potts Builders, Inc.* (9th Cir. 1979) 608 F.2d 1279, 1280.)

Before we address the question whether the addition of subdivision (b) to section 3144 alters this rule, we will address petitioner's contention that the enactment of section 3154 and its interpretation by the *Maris Management* court mandate reversal here.

In *Maris Management Corp.* v. *Assured Drywall & Textures, supra,* 152 Cal.App.3d 268, the superior court had granted a decree pursuant to section 3154[4] releasing property from two mechanics' liens. Thereafter, another claim of lien was filed based on the same work and materials. Maris commenced a new section 3154 action, but its petition was denied. On appeal, the judgment denying the release was reversed. The court reasoned that when the superior court made the first "Decree of Release of Property From Mechanics' Lien," the property was released from the lien. "The lien was extinguished; there was no longer a lien to be enforced to serve as the basis for a new 'claim of lien.'" *(Id.,* at p. 274.) "The statutory 'claim of lien' is not the lien. The lien is created by our constitution. The 'claim of lien,' and the remedy of foreclosure, are the vehicle and the procedure which the Legislature has provided, by law, for the speedy and efficient enforcement of such liens. By enacting section 3154, the Legislature has provided, by law, that if the lienor does not comply with the procedures which it has provided for the enforcement of such liens, then the owner may petition the court for a decree to release the property from the lien. Once that decree has been made, there is no longer a lien upon the property, based upon the same work and materials, to serve as the basis for a new claim of lien. The decree of release operates against the lien on the property, not against the claim of lien." *(Id.,* at p. 275.)

In other words, under *Maris Management* so long as an owner takes no action pursuant to section 3154, the inchoate personal right to a lien survives and the filing of a new claim of lien—so long as it is timely within the statutory scheme—creates a new lien on the property. *(Electric Supplies Distributing Co.* v. *Imperial Hot Mineral Spa, supra,* 122 Cal.App.3d 131, 135-136; *Schwarz & Gottlieb, Inc.* v. *Marcuse, supra,* 175 Cal. 401, 415-416.) *Maris Management* is of no assistance to Coast since it never availed itself of the remedies afforded under section 3154.

---

[4] Section 3154 provides as relevant here: "(a) At any time after the expiration of the time period specified by Section 3144 with regard to the period during which property is bound by a lien after recordation of a claim of lien, where no action has been brought to enforce such lien, the owner of the property or the owner of any interest therein may petition the proper court for a decree to release the property from the lien."

Coast contends that when the Legislature added subdivision (b) to section 3144 it intended to automatically and forever extinguish the inchoate personal right to a lien created by the Constitution. Thus, Coast concludes that no further claims of lien can be recorded by the same claimant for the same work. We disagree.

■ " '[E]very statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect. [Citations.]' " (*Landrum* v. *Superior Court* (1981) 30 Cal.3d 1, 14 [177 Cal.Rptr. 325, 634 P.2d 352].) ■ The courts will not presume "that the legislature in the enactment of statutes intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication. [Citation.]" (*County of Los Angeles* v. *Frisbie* (1942) 19 Cal.2d 634, 644 [122 P.2d 526]; *Follette* v. *Pacific L. & P. Corp.* (1922) 189 Cal. 193, 208 [208 P. 295, 23 A.L.R. 965].) ■ Generally, doubts concerning the meaning of the mechanics' lien statutes are resolved in favor of the claimant. (*E.D. McGillicuddy Constr. Co.* v. *Knoll Recreation Assn., Inc.* (1973) 31 Cal.App.3d 891, 897-898 [107 Cal.Rptr. 899].)

■ The recordation of a timely claim of lien transforms the claimant's inchoate personal right created by our Constitution into a tangible lien on the property. Only this lien, which was created by the statutory scheme, is automatically nullified by a failure to timely commence a foreclosure proceeding. The constitutional right to a lien remains and may be perfected so long as the claimant can comply with the conditions precedent set forth in the statutory scheme. (See Cal. Mechanics' Liens and Other Remedies (Cont.Ed.Bar. 2d ed. 1988) § 2.30, p. 88; 1 Miller & Starr, Current Law of Cal. Real Estate (1975) § 10:32 pp. 572-573 [1987 Supp., pp. 472-473].)

The property owner's interest in a clear and marketable title is amply protected by the provisions of section 3154, which will forever insulate the property from renewed liens. To read subdivision (b) of section 3144 as automatically extinguishing a laborer's or materialman's right to a lien upon failure to foreclose would give a windfall to property owners which the Legislature never intended.

## II

■ Petitioner contends that its nonobligatory disbursements made after Lee's claim of lien was filed are senior because its deed of trust was recorded before the lien arose. ■ With exceptions not relevant to the facts of this case, the priorities between mechanics' lien and a deed of trust securing a construction loan can be briefly summarized. The lien created by

a timely recorded claim of lien relates back to the commencement of the work of improvement as a whole. (§ 3134; Marsh, Cal. Mechanics' Lien Law (4th ed. 1988) § 4.153.) As between several timely recorded mechanics' liens, there is no relative priority (§§ 3110 and 3134; Cal. Const., art. XIV, § 3.) but, all mechanics' liens are senior to any other encumbrance recorded subsequent to commencement of the work. (§ 3134; 2 Miller & Starr, Current Law of Cal. Real Estate (1977) §§ 11:98-11:99, pp. 132-134.)

Generally, if a construction loan agreement makes advances obligatory, and the trust deed was recorded prior to the commencement of the work, all such progress payments are superior to the mechanics' lien (§ 3136); however, numerous cases hold nonobligatory disbursements made after the filing of a mechanics' lien are junior to that lien. (*Community Lbr. Co.* v. *California Pub. Co.* (1932) 215 Cal. 274 [10 P.2d 60]; *W.P. Fuller & Co.* v. *McClure* (1920) 48 Cal.App. 185, 192-193 [191 P. 1027].)

Petitioner contends that these cases are no longer controlling authority because the statute which they construe, the second paragraph of former Code of Civil Procedure section 1188.1, was repealed and only its first paragraph was reenacted as Civil Code section 3134. Petitioner is mistaken. Paragraph two of former Code of Civil Procedure section 1188.1 was reenacted as Civil Code section 3136. (See Historical Note, 19 West's Ann. Cal. Codes, p. 212.)

### CONCLUSION

The superior court correctly denied the motion for summary judgment. The alternative writ is discharged and the petition denied.

Newsom, Acting P. J., and Holmdahl, J., concurred.

Petitioner's application for review by the Supreme Court was denied June 22, 1989.